IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDY Y. WALKER          )<br>                                    )<br>         Plaintiff,          )<br>                                    )<br>v.                                )<br>                                    )<br>CAROLYN W. COLVIN,      )<br>Acting Commissioner of Social Security,  )<br>                                    )<br>         Defendant.         ) | CASE NO. 3:14-cv-1050-TFM<br>[wo] |

## OPINION

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* and Supplemental Security Income benefits under Title XVI of the Social Security Act, Sandy Y. Walker ("Walker" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court **AFFIRMS** the Commissioner's decision denying disability insurance benefits and supplemental security income benefits.

### I. NATURE OF THE CASE

Walker seeks judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm,

reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also*

*Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III.  STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[1] *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[2] Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3). However, despite the

---

[1]  DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[2]  SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986).  Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled.  20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640, 2015 WL 3605682 (11th Cir. June 10, 2015).  The ALJ determines:

    (1)    Whether the claimant is currently engaged in substantial gainful activity;

    (2)    Whether the claimant has a severe impairment or combination of impairments;

    (3)    Whether the impairment meets or exceeds one of the impairments in the listings;[3]

    (4)    Whether the claimant can perform past relevant work; and

    (5)    Whether the claimant can perform other work in the national economy.

---

[3]    *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4.  *See Ostborg v. Comm'r of Soc. Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39.  A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC").  20 C.F.R. § 404.1520(a)(4).  RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations.  *Phillips*, 357 F.3d at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  In order to do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert.  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of

---

[4]  *See* 20 C.F.R. pt. 404 subpt. P, app. 2

these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id.* A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

## IV. BACKGROUND AND PROCEEDINGS

Walker claims disability from depression, obesity, pain, hearing loss, dizziness, and headaches (R. 39-47). Following initial administrative denial of her claim, Walker requested a hearing before an administrative law judge ("ALJ") (R. 78). ALJ Mary E. Helmer ("the ALJ") convened an evidentiary hearing in Montgomery, Alabama on September 24, 2012. (R. 33-58). Walker was represented by an attorney. The ALJ received direct testimony from Walker and a vocational expert. The remaining evidentiary record consisted of medical reports from treating and consultative sources and residual functional capacity assessments completed by a medical consultant who reviewed Walker's medical records upon request of Alabama Disability Determination Services.[5] The ALJ rendered an unfavorable decision on March 15, 2013. (R. 10-30). On August 14, 2014, the Appeals Council denied Walker's request for review (R. 1-6). Walker filed her Social Security Appeal on October 14, 2014. *See* Doc. 1, Complaint.

---

[5] Robert Estock, M.D. (Tr. 295-312). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Walker has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[6]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Walker can perform her past relevant work (Step 4). (R. 15-26). Walker thus had not met her prima facie case for disability and the burden rested upon Walker to prove she was unable to perform the suggested jobs.

At Step Four, the ALJ found Walker had the RFC to perform a reduced range of light work and past relevant work as a textile inspector, housekeeper, and a wiring assembler as those types of work would not require Walker to perform work related activities precluded by her residual functional capacity. (R. 18-25). Consequently, the ALJ found Walker has not been disabled since the alleged onset date. (R. 25).

## VI. ISSUES

Walker raises two issues on appeal:

(1) The ALJ failed to state with particularity the weight she gave the medical opinions expressed by Dr. Temple and the reasons therefore.

(2) The ALJ erroneously took judicial notice that Ms. Walker had access to low to no cost treatment when such facts were not grounded in the evidentiary record.

Pl. Br. at p. 3.

The Commissioner re-words the issue as follows:

(1) Whether the Commissioner adequately considered the opinion of examining physician James Temple, who opined that Plaintiff could work.

---

[6] The ALJ found the following "severe" impairments: degenerative disc disease of the cervical and lumbar spine with moderate right carpal tunnel syndrome and left tarsal syndrome. (Tr. 15).

      (2)        Whether the Commissioner properly found Plaintiff's statements about her symptoms were not entirely credible based on her lack of treatment and several other factors.

Def. Br. at p. 1. Regardless of the wording, the Commissioner does address the issues raised by Plaintiff in her brief.

### VII. DISCUSSION AND ANALYSIS

#### A. The opinion of Dr. Temple

Walker argues that the ALJ failed to state with particularity the weight she gave the evidence from Dr. Temple. On October 18, 2011, Walker underwent a consultative examination by James Temple, MD, at the request of the Commissioner. During the consultations with Dr. Temple, Walker reported constant neck pain with radiation of the pain into the shoulders and low back pain. Walker also told Dr. Temple that she has pain in her fingers and decreased hearing on the left with ear pain. Walker denied suffering headaches, or other neurological manifestations. The objective findings of Dr. Temple indicate Walker health systems were unremarkable except that Walker has marked decrease in range of motion of the neck with tenderness over the cervical spine, tenderness along the trapezius muscle group and tenderness on manipulation of the neck and head. Dr. Temple opined Walker is probably unable to do her usual work of cleaning houses and that her lack of education would likely make her unable to perform clerical or secretarial work. Dr. Temple further opined that Walker might be able to work in a convenience store or a place where she could sit and not have to lift, stoop or squat. (R. 256-271, 287-291)

The Commissioner concedes, as well she should, the ALJ did not expressly state the weight she gave the examination by Dr. Temple. However, the Court finds from the record that the ALJ did consider the evidence from Dr. Temple and deemed it consistent with the remainder of the medical evidence as a whole in arriving at the RFC. Specifically, the ALJ listed the

findings of Dr. Temple (R. 19-20). The objective examination findings by Dr. Temple were unremarkable except with regard to neurological function. To fully develop the record with respect to neurological findings the Commissioner, on November 20, 2012, had Walker undergo a consultative examination by Dr. Krishna Chivukula, a neurologist. (R. 364-377). The ALJ assigned great weight to the findings of Dr. Chivukula. (R. 24-25). Regulations allow the Commissioner to, as she did here, to assign greater weight to the opinion of specialists in their area of expertise than to non-specialists. 20 C.F.R. § 404.1527(d)(5); 20 C.F.R. § 416.927(d)(5). The Court sees no reason, as a matter of law or fact, to reverse the decision of the ALJ in relying on the opinion of Dr. Chivukula. Dr. Chivukula's opinion was consistent with the medical findings of other physicians and much more thorough, especially with respect to neurological issues, than other physical examinations by other general medical providers including Dr. Temple. The RFC hypothetical by the ALJ took into account the limitations indicated by Dr. Temple and Dr. Chivukula -- hence the error alleged by Walker is of no consequence. Even if it is error, the Court finds the error is harmless.

Even Dr. Temple indicated after his examination opined that Walker could work with certain limitations. The decision *vis a vis* RFC is entrusted to the Commissioner. *Maffia v. Comm'r of Soc. Sec.*, 291 Fed. Appx. 261, 263-64 (11th Cir. 2008). Dr. Temple's statements regarding RFC, or the application of vocational factors, are not controlling. 20 C.F.R. § 404.1527(a)(2), (c)(2), (d)(1), § 416.927(a)(2), (c)(2), (d)(1); Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2, 1996 SSR LEXIS 2 (July 2, 1996).

**B.     Low cost or not cost treatment options**

The balance of Walker's case rests on her argument that the ALJ took judicial notice that low cost or no cost treatment options were available to discount her credibility about her claim

that she suffers from disabling pain. It is well established in this Circuit that poverty can excuse non-compliance with taking medication and even the failure to seek treatment. *See, e.g. Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) ("when an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment."); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("To a poor person, a medicine that he cannot afford to buy does not exist.").

This case is somewhat distinguishable in that the ALJ did not base her opinion *solely* on noncompliance and the Court finds that Walker misapprehends the statements of the ALJ. The ALJ went through the medical evidence at length to support her findings that Walker was not credible in her reports of disabling pain and that the objective medical evidence did not establish that Walker suffers from disabling pain. Walker does not take issue with the ALJ findings about the other evidence which the ALJ used to discount and discredit Walker's claims about disabling pain.

Walker takes issue with two lines of the ALJ opinion: "The evidence indicates that she sought infrequent treatment: February 2011, October 2011, March 2012, and September 2012. Although, she testified she has no health insurance, she did not try to access a community health clinic, obtain a referral from the health department, or access the medical chains for low to no cost treatment, after she could not afford a treating physician…." It is clear to the Court that a plain reading of the statement indicates that the ALJ made no finding that low cost or free services were available, but that Walker gave no testimony or evidence that she sought such services because of the disabling severity of her pain. In other words, the ALJ made the

common sense observation that a person suffering from work disabling pain would likely try to seek free or affordable treatment whether low cost or free treatment was available or not. In the very next line of her opinion, the ALJ goes on to discuss the totality of the medical evidence and found her RFC properly encompasses the limitations as shown by the medical evidence. Walker has the burden to prove she is disabled under Act. *Carnes v. Sullivan*, 935 F.2d 1215, 1218 (11th Cir. 1991). The ALJ cites other reliable medical evidence as the basis for her decision, other than Walker's failure to seek free or low cost treatment. In short, none of the treating or consultative providers made determinations or observations which medically indicated Walker would be unable to work. "It is not for this court to 'decide the facts anew, make credibility determinations, or re-weigh the evidence.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). The Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id*. (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The Court has done so here and finds that the medical evidence relied on by the ALJ constitutes substantial evidence to support the Commissioner's decision and finds no reversible, legal error.

### VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court AFFIRMS the Commissioner's decision. A separate order will be entered.

DONE this 8th day of March, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE